Andrew D. Bochner
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(646) 971-0685
Andrew@Bochner.law

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENSDIGITAL, LLC<br>Plaintiff,<br><br>v.<br><br>JASON EARL RIFE,<br>Defendant | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiff LensDigital, LLC ("Plaintiff" or "LD"), by and through its attorneys, hereby alleges for its Complaint against Jason Earl Rife ("Defendant" or "Mr. Rife") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### <u>NATURE OF THE ACTION</u>

1.      This is an action to correct the named inventorship, under 35 U.S.C. § 256, of United States Patent No. D985,640 (the "'640 Patent" or the "Accused Patent"), for tortious interference with prospective economic advantage, and unjust enrichment against Defendant. Absent a correction of inventorship, this is also an action to have the '640 Patent declared invalid under 35 U.S.C. §§ 101 and/or 256.

2.      LD is a leader in laser engraving equipment, particularly in designing and manufacturing rotary laser engraving devices. Founded at least as early as 2019 to address the problem of low-cost laser engraving of items, particularly those having a cylindrical shape (e.g., drink tumblers), LD has invented breakthrough equipment including its renowned "PiBurn" Laser Rotary Attachment (the "PiBurn Product").

3.      LD brings this action because Defendant—which also sells laser engraving equipment—knowingly copied LD's laser rotary attachment device and presented that device to the United States Patent and Trademark Office ("USPTO") as his own invention.

4.      In doing so, Defendant committed inequitable conduct in the USPTO in two ways: first, by misrepresenting to the Examiner that Defendant solely invented the subject matter of the '640 Patent; and second, by fraudulently omitting the '640 Patent's joint-inventor—Leonid Karchevsky, LD's Chief Executive Officer.

5.      The law has long instructed that conception is the touchstone of inventorship, and Leonid Karchevsky conceived of much of the novel subject matter of the '640 Patent at least as early as 2018.

6.      Defendant, desiring to obtain a competitive edge over LD, monitored LD's product development across LD's website, social media platforms, and on various online forums.

7.      Recognizing LD's success in its laser rotary attachment products, Defendant sought to illegitimately profit from LD's success by stealing LD's intellectual property and filing the '640 Patent for a design mostly conceived by Leonid Karchevsky.

8.      Defendant violated his duty of candor to the USPTO by failing to inform the Examiner that Leonid Karchevsky had co-invented the subject matter of the '640 Patent.

9.      This misrepresentation was material, the Examiner could not have allowed the claim of the '640 Patent had they known that the named sole inventor, Defendant, did not actually solely invent it.

10.     But not only did Defendant patent an invention mostly conceived by Leonid Karchevsky, in a letter dated July 12, 2023 ("Defendant's Letter"), Defendant accused LD of infringing the '640 Patent—even though Leonid Karchevsky invented much of the '640 Patent's subject matter.

11.     Accordingly, LD brings this action to protect its hard-earned intellectual property and hold Defendant liable for the consequences of his illicit conduct. Since Leonid Karchevsky partially conceived of the device claimed in the '640 Patent, he is a joint-inventor. Further, as Leonid Karchevsky has assigned his rights, title, and interest in the '640 Patent to LD, LD has a joint-ownership interest in the '640 Patent, and Defendant should be held accountable for his inequitable conduct before the USPTO.

## PARTIES

12.     LD is New Jersey limited liability company with a place of business at 11B Jocama Blvd, Old Bridge, NJ 08857. LD is a manufacturer of innovative laser engraving equipment, including its renowned Rotary Laser Engraving devices.

13.     Upon information and belief, Defendant is an individual residing at 14560 Yellow Bluff Road, Jacksonville, FL 32226.

## JURISDICTION AND VENUE

14.     This action arises under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code, §§ 100, *et seq.*, as well as the laws of the state of New Jersey.

15.     Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332(a) (diversity jurisdiction), 28 U.S.C. § 1338(a)-(b) (patent jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

16.     Plaintiff is a citizen of the State of New Jersey.  Upon information and belief, Defendant is a citizen of the State of Florida.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

17.     This Court has subject matter jurisdiction and LD has standing over the correction of inventorship claims asserted pursuant to 35 U.S.C. § 256 since Section 256 of title 35 provides a cause of action for judicial correction of inventorship. *See e.g. Chou v. University of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001).

18.     This Court also has personal jurisdiction over Defendant because Defendant is doing business within this State and District, transacts business within this State and District, and a significant number of transactions and occurrences upon which LD's claims are based took place within this State and District.

19.     The exercise of personal jurisdiction comports with Defendant's right to due process, because it has purposefully availed itself of the privilege of conducting activities nationally, including within the District of New Jersey, such that it should reasonably anticipate being haled into court here.

20.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) at least because a substantial part of the events giving rise to the claims occurred in this District, Defendant is subject to personal jurisdiction in this District, and Plaintiff resides in this District.

## **FACTUAL BACKGROUND**

21.     Leonid Karchevsky is the founder and chief executive office of LD and is

responsible for the development of its products.

      22.    Defendant, through his businesses JER Custom Designs, Inc. and RotoBoss Rotary Attachments, provides laser engraving services and sells laser engraving equipment across the United States, including to customers located in the state of New Jersey.

      23.    On or about September 18, 2018, Leonid Karchevsky first released footage of the initial iteration of his groundbreaking PiBurn Product.

      24.    On or about February 2019, Leonid Karchevsky launched a crowd funding campaign to fund its first PiBurn Product. Since then, LD has experienced huge success in its PiBurn Product, which has since gone through numerous iterations.

      25.    LD's most recent iteration of its PiBurn Product is available through LD's online storefront, available at https://www.lensdigital.com/home/product/piburn4/, and is also shown in the image below:



Figure 1: An iteration of LD's PiBurn Product

26.    Among other things, LD's PiBurn Product includes, and has included over various iterations, many novel features conceived of by Leonid Karchevsky including (1) a vertical V-slot extrusion rail; (2) V-wheels interfacing with the V-slot extrusion rail; (3) a base comprising a main horizontal extrusion rail; (4) a clamping mechanism; and (5) a back-stopper plate.

27.    Recognizing LD's success in its PiBurn Product, Defendant stole these novel design features conceived by Leonid Karchevsky and filed a design incorporating those features in U.S. Design Patent Application No. 29/738,089 on June 15, 2020.

28.    On May 9, 2023, the USPTO issued the '640 Patent. A true and correct copy of the '640 Patent is attached herewith as Ex. A.

**Improper Listing of Inventorship**

29.    Leonid Karchevsky co-conceived of the invention claimed in the '640 Patent.

7

30.   For example, Leonid Karchevsky conceived of many of the elements of the claim of the '640 Patent (a figure of which is reproduced below), including (1) a vertical V-slot extrusion rail; (2) V-wheels interfacing with the V-slot extrusion rail; (3) a base comprising a main horizontal extrusion rail; (4) a clamping mechanism; and (5) a back-stopper plate.



FIG. 1

31.   As shown above, the design of the '640 Patent mirrors many features of Leonid Karchevsky's PiBurn Product.

32.   Notably the above design, claimed by the '640 Patent, features at least: (1) a vertical V-slot extrusion rail; (2) V-wheels interfacing with the V-slot extrusion rail; (3) a base comprising a main horizontal extrusion rail; (4) a clamping mechanism; and (5) a back-stopper plate.

33.   The design of at least all the above elements were conceived and reduced to practice by Leonid Karchevsky.

34.     Leonid Karchevsky reduced to practice the many of the novel features shown in the design claimed in the '640 Patent.

35.     Defendant even admitted that LD's PiBurn Product, conceived by Leonid Karchevsky, is highly similar to the design of the '640 Patent in Defendant's Letter. Specifically, in the Letter, Defendant asserted that "[LD's] Business is infringing on [Defendant's] registered Patent rights."

### Tortious Interference and Trade Libel

36.     Further, Defendant has sent numerous messages to LD directly, and made numerous comments on LD's social media posts, alleging that LD's products infringe on Defendant's patent rights.[1]

37.     The only alleged patent rights held by Defendant is in the design claimed in the '640 Patent. Thus, Defendant appears to be alleging that LD's own designs are substantially similar to the design of the '640 Patent—because Leonid Karchevsky in fact conceived of many aspects of the design of the '640 Patent.

38.     True and correct copies of a number of those messages are reproduced below:



---

[1] Confusingly, Defendant alleges that LD infringes on Defendant's utility patents, yet Defendant does not own any such patents.



39.     These messages are false. As a person who conceived of novel aspects of the subject matter claimed in the '640 Patent, Leonid Karchevsky is a joint-inventor of the invention in the '640 Patent. Thus, Leonid Karchevsky, and LD by assignment, has the right to practice any claimed subject matter of the '640 Patent.

40.     Potential customers of LD, including many located in New Jersey, have seen these false public messages.

41.     Defendant continued its campaign of falsities on March 29, 2023, by messaging a potential distributor of the PiBurn Product located in Australia, Central Beam Design, falsely alleging that LD copied Defendant's product. A true and correct copy of that message is reproduced below:



42.     As the assignee of Leonid Karchevsky's rights, title, and interest in and to the

'640 Patent, LD has the right to practice the claimed invention of the '640 Patent.

43.     At the time Defendant made the statements shown above, Defendant knew that

Leonid Karchevsky was a co-conceiver and joint-inventor of the invention in the '640 Patent.

44.     At the time Defendant made the statements shown above, Defendant knew LD

holds the right to practice the claimed invention of the '640 Patent.

## COUNT I: DECLARATORY JUDGMENT FOR CORRECTION OF INVENTORSHIP UNDER 35 U.S.C. § 256

45.     Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

46.     The '640 Patent names Defendant as the only inventor of the subject matter claimed in the '640 Patent.

47.     Leonid Karchevsky contributed in a significant manner to the conception and reduction to practice of at least one element of the claim of the '640 Patent.

48.     Leonid Karchevsky's contributions included more than the mere explanation of well-known concepts or the current state of the art.

49.     Leonid Karchevsky's contributions to the invention of the '640 Patent are not insignificant when measured against the dimensions of the full invention.

50.     Leonid Karchevsky was omitted as a named joint-inventor of the '640 Patent.

51.     The error of omitting Leonid Karchevsky as a named joint-inventor was done without any deceptive intention on Leonid Karchevsky's or LD's part.

52.     Leonid Karchevsky has assigned his rights, title, and interest in the invention to LD. Thus, LD has standing to request correction of inventorship.

53.     Omitting Leonid Karchevsky from the '640 Patent has injured and will continue to injure LD by depriving it of an ownership interest, control, and financial stake in the '640 Patent.

54.     Leonid Karchevsky has received notice of and consented to this action to correct inventorship.

55.     Under 35 U.S.C. § 256, the '640 Patent should be corrected to reflect that Leonid Karchevsky is a joint-inventor of the subject matter of the claim of the '640 Patent.

56.     LD is entitled to an order from this Court declaring Leonid Karchevsky as a

joint-inventor of the claim of the '640 Patent and ordering the Director of the U.S. Patent and Trademark Office to issue a certificate of correction to that effect.

## COUNT II: DECLARATORY JUDGMENT OF OWNERSHIP INTEREST IN THE '640 PATENT

57.     Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

58.     LD seeks a declaratory judgment that it has an ownership interest in the '640 Patent.

59.     A substantial and continuing justiciable controversy exists between LD and Defendant as to LD's ownership interest in the '640 Patent.

60.     This controversy is ripe for determination because the parties dispute ownership of the invention disclosed and claimed in the '640 Patent.

61.     Leonid Karchevsky co-conceived of the invention recited in the claim of the '640 Patent.

62.     Leonid Karchevsky has assigned his rights, title, and interest in the '640 Patent to LD. Thus, LD has standing to request this declaration.

63.     LD has ownership interest in the '640 Patent by virtue of Leonid Karchevsky having assigned his rights, title, and interest in the '640 Patent to LD.

64.     Because Leonid Karchevsky is a joint-inventor of the claim of the '640 Patent and assigned his rights, title, and interest in the '640 Patent to LD, Defendant cannot hold complete ownership in the '640 Patent.

65.     Thus, LD requests that this Court declare that LD is an owner of the '640 Patent.

## COUNT III: DECLARATORY JUDGMENT OF PATENT INVALIDITY UNDER 35 U.S.C. §§ 101 AND 256

66.     Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in

this complaint as if fully set forth herein.

67.     Leonid Karchevsky contributed in a significant manner to the conception and reduction to practice of at least one element of the claim the '640 Patent.

68.     Despite this, Defendant filed for and obtained the'640 Patent, but did not name Leonid Karchevsky as a joint-inventor.

69.     Therefore, in the alternative to the issuing of a certificate correcting the '640 Patent to include Leonid Karchevsky as the joint-inventor, the '640 Patent should be declared invalid under 35 U.S.C. §§ 101 and 256.

## COUNT IV: DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT

70.     Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

71.     Defendant purports to be the lawful owner of all right, title, and interest in the '640 Patent.

72.     Inventorship is material to patentability.

73.     Defendant knew or should have known that their omission of Leonid Karchevsky as a joint-inventor of the claim of the '640 Patent was unintentional, false, misleading, and purposefully withheld that material information from the Examiner during the prosecution of the '640 Patent.

74.     The Examiner relied on Defendant's misrepresentation or omission regarding inventorship in allowing the '640 Patent. Specifically, under 35 U.S.C. § 101, patents may not be issued to those who are not the true inventor(s). *See, e.g.,* M.P.E.P. § 2104(II) (instructing examiners to "reject the claims under 35 U.S.C. 101" where inventorship is not correct).

75.     Defendant's deceptive intent in committing inequitable conduct before the USPTO during the prosecution of the '640 Patent is the single most reasonable inference drawn

from the facts alleged herein. For example, but for Defendant's misrepresentation or omission regarding inventorship, the '640 Patent would not have issued.

76.    Given the failure to include Leonid Karchevsky as a joint-inventor of the claim of the '640 Patent with deceptive intent, the '640 Patent is legally unenforceable against LD due to Defendant's inequitable conduct.

77.    Defendant's conduct renders this case exceptional under 35 U.S.C. § 285.

78.    An actual and justiciable controversy exists between LD and Defendant regarding the '640 Patent—including its unenforceability.

79.    LD is entitled to a declaratory judgment that the '640 Patent is legally unenforceable.

## COUNT V: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

80.    Plaintiff re-alleges and incorporate the allegations of all of the paragraphs in this complaint as if fully set forth herein.

81.    LD, by virtue of selling its products internationally, had a legitimate expectancy of entering into a contract with Central Beam Design to distribute its products in Australia.

82.    LD further had a legitimate business expectancy of future sales to customers, some of which located in New Jersey, and including those who follow LD's social media accounts.

83.    Defendant intentionally and wrongfully interfered with LD's contract expectancy with Central Beam Design by falsely claiming that LD was copying Defendant's designs in violation of Defendant's pending patent rights.

84.    Defendant intentionally and wrongfully interfered with LD's contract expectancy with its customers through social media by falsely claiming that LD was infringing Defendant's patent rights.

15

85.     Defendant's interference was unjustified and Defendant was not privileged to interfere because LD did not copy Defendant's designs and LD has the right to practice the claimed invention of the '640 Patent.

86.     Because of Defendant's intentional and unjustified interference, Central Beam Design terminated its business relationship with LD.

87.     Without Defendant's intentional and unjustified interference, LD would have received at least $500,000 in contract sales through its anticipated relationship with Central Beam Design.

88.     LD has suffered and will continue to suffer damages due to Defendant's tortious interference with LD's prospective economic advantage.

## COUNT VI: TRADE LIBEL

89.     Plaintiff re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

90.     Defendant knowingly, and without justification, made (and/or caused to be made) materially false representations in writing to third parties including Central Beam Design, and LD's customer's through social media, by which Defendant falsely stated that LD copied Defendant's designs and/or is infringing Defendant's patents. Such statements are materially false.

91.     Defendant's statements were false in that, among other things, LD did not copy Defendant's designs, and LD has the right to practice the claimed invention of the '640 Patent.

92.     Defendant's materially false representations were calculated to impugn LD's business reputation and that of its products, and to dissuade others from doing business with LD, and were calculated to otherwise interfere with LD's business relationships.

93.     Defendant's materially false representations were substantial factors in

inducing others, including Central Beam Design, to not have certain business dealings with LD.

94.    Defendant made (and/or caused to be made) such false communications regarding LD knowingly, intentionally, in bad faith and motivated solely by unrestrained self-interest, malice and/or disinterested malevolence, without legal or social justification.

95.    Defendant's willful and intentional misconduct, without LD's knowledge or consent, irreparably injured and caused damage to LD in its business reputation.

96.    As a result of Defendant's aforesaid acts and conduct, LD has been irreparably injured in its business and in its good name and character. LD's standing in its business has also been seriously impaired.

97.    The false statements affected LD in its trade, business, and profession. Among other things, prior to Defendant's false statements, LD was anticipating the generation of a significant number of sales through its relationship with Central Beam Design. However, that is no longer the case.

98.    As discussed in more detail above, at the time it made the false statements, Defendant knew and/or should have known that such statements to Central Beam Design were false or were made with reckless disregard for the truth in that Defendant knew that LD had the right to practice the claimed invention of the '640 Patent.

99.    Defendant's statements were not mere statements of opinion.

100.    Plaintiff is entitled to damages in excess of $100,000.

101.    Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant from engaging in further knowing acts of trade libel.

## COUNT VII: UNJUST ENRICHMENT

102.     Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

103.     Defendant has received exclusive rights from the '640 Patent and has profited from the subject matter of the '640 Patent, including but not limited to selling products embodying the design of the '640 Patent to the exclusion of others.

104.     As joint-owner of the '640 Patent, Defendant has failed to share any of these profits with LD.

105.     By doing so, Defendant has unjustly enriched itself, to the detriment of LD.

106.     LD has been damaged by Defendant's unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, LD respectfully requests that this Court enter judgment in favor of LD granting the following relief:

A.    A judgment declaring that Leonid Karchevsky is a joint-inventor of the '640 Patent, and ordering the Director of the USPTO to issue a certificate of correction to that effect;

B.    a declaratory judgment in favor of LD and against Defendant that LD jointly-owns the '640 Patent and the invention disclosed and claimed in it;

C.    in the alternative to A and B, a judgment declaring that the '640 Patent is invalid and/or unenforceable under 35 U.S.C. §§ 101 and/or 256;

D.    issue an Order requiring Defendant to disgorge any profits derived from the '640 Patent;

E.    a judgment that this is an exceptional case under 35 U.S.C. § 285 and an award of LD's reasonable attorneys' fees;

F.    a judgment permanently barring Defendant from tortiously interfering with LD's prospective economic advantage;

G.    an award to LD of monetary and any other damages, including punitive damages, from tortiously interfering with LD's prospective economic advantage;

H.    an award to LD of damages to be paid by Defendant adequate to compensate Plaintiff for loss of business reputation and goodwill;

I.    an award to LD of monetary and any other damages, including punitive damages, for trade libel;

J.    an award of punitive damages resulting from Defendant's willful and

wanton actions; and

K.     such other and further relief as this Court may deem just and proper, in law

or equity.

**[Remainder of this page intentionally left blank]**

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims and issues so triable.


Dated: September 20, 2023

<div style="margin-left:50%">

By: /s/ Andrew D. Bochner__
    Andrew D. Bochner
    Bochner PLLC
    1040 Avenue of the Americas
    15th Floor
    New York, NY 10018
    (646) 971-0685
    Andrew@Bochner.law

    *Attorney for Plaintiff*

</div>

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 and 40.1</u>

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

      Dated: September 20, 2023

By: <u>/s/ Andrew D. Bochner</u>
Andrew D. Bochner
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(646) 971-0685
Andrew@Bochner.law

*Attorney for Plaintiff*